UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL V. MORILHA,<br><br>         Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA,<br><br>         Defendant. | Case No. 22-cv-03565-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 22 |

Now before the Court is Defendant Superior Court of California, County of Santa Clara's ("Superior Court") motion to dismiss. ECF No. 22. The Court will grant the motion.

Plaintiff Daniel V. Morilha filed his complaint in this action on June 16, 2022. ECF No. 1. He filed a first amended complaint ("FAC") on August 29, 2022. ECF No. 17. He brings claims against the Superior Court for breach of contract; fraud; "abuse of process"; intentional infliction of emotional distress; "conspiracy for deprivation of rights"; violation of the Equal Protection Clause of the Fourteenth Amendment; and violation of the Due Process Clause of the Fourteenth Amendment. *Id.* The facts alleged in the complaint arise from a dissolution proceeding in the Superior Court. FAC ¶ 3 ("Plaintiff has been a victim of fraud during a dissolution proceeding held by the Santa Clara Superior Court."). In sum, Morilha alleges that the Superior Court erred by not enforcing a premarital agreement; awarding attorney's fees to his former spouse; incorrectly dividing the parties' assets; and freezing his assets. *See id. passim.* He also makes allegations against his former spouse and her attorney, *e.g.*, *id.* ¶ 147, but neither of them is a party to the FAC.

The Court has no jurisdiction over Morilha's claims, for at least two reasons. First, his

claims are barred by the *Rooker-Feldman* doctrine. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005)). The court must refuse to hear a "forbidden de facto appeal from a judicial decision of a state court" and "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158.

"A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quotation marks and citations omitted). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). Thus, the district court lacks subject matter jurisdiction over a complaint, like Morilha's, that asks the court to "scrutinize the state court's application of various rules and procedures pertaining to his case." *Allah v. Super. Ct.*, 871 F.2d 887, 891 (9th Cir. 1989), *superseded by rule on other grounds, as stated in Harmston v. City and County of San Francisco*, 627 F.3d 1273 (9th Cir. 2010).

Second, Morilha fails to allege that he complied with the State of California's claim presentation requirement. "As part of the California Tort Claims Act, Government Code section 900 et seq. establishes certain conditions precedent to the filing of a lawsuit against a public entity." *State of California v. Super. Ct.*, 32 Cal. 4th 1234, 1237 (2004). One such condition is that "a plaintiff must timely file a claim for money or damages with the public entity." *Id.* (citing Cal. Gov. Code § 911.2). Failure to do so bars any suit against that entity. *Id.* (citing Cal. Gov.

Code § 954.4).[1] And when a plaintiff files his complaint against the public entity, he "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *Id.* at 1243.

Morilha's FAC does not allege compliance with the claim presentation requirement. In his opposition, he states correctly that the Government Code "provides that under certain conditions a court may relieve a party from" the presentation requirement. ECF No. 25 at 8. For example, "[i]f a public agency as defined by Gov. Code, § 53050 fails to file the information required by Gov. Code, § 53051, the failure of a claimant to present a claim as required by Gov. Code, § 945.4 does not constitute a bar or defense to the maintenance of a suit against that public agency." Eileen C. Moore & Michael Paul Thomas, Cal. Civ. Prac. Procedure § 1:56 (citing Cal. Gov. Code, § 946.4). Also, "[i]f an application for leave to present a late claim is denied or deemed to be denied pursuant to Gov. Code, § 911.6, a petition may be made to the court for an order relieving the petitioner from the requirement that he or she present a claim prior to filing suit." *Id.* § 1:69 (citing Gov. Code, § 946.6, subd. (a)). Morilha does not allege either of these circumstances, however, nor any other exception to the claim presentation requirement. Thus, his claims are barred.

For the foregoing reasons, the Superior Court's motion is granted. Dismissal is without leave to amend because amendment would be futile. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated: May 1, 2023

JON S. TIGAR
United States District Judge

---

[1] California Government Code § 945.4 states, in relevant part: "[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefore has been presented to the public entity and has been acted upon . . . ."