UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VITOR MORILHA,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA,<br><br>Defendant. | Case No. 22-cv-03565-JST<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**<br><br>Re: ECF No. 52 |

On June 16, 2022, Plaintiff Daniel V. Morilha filed his complaint in this action against Defendant Superior Court of California, County of Santa Clara ("Superior Court"). ECF No. 1. He filed a first amended complaint ("FAC") on August 29, 2022. ECF No. 17. Defendant subsequently filed a motion to dismiss, which this Court granted on May 1, 2023. ECF Nos. 22, 50. In so ruling, the Court held that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine, and that Plaintiff failed to allege that he complied with the State of California's claim presentation requirement. ECF No. 50.

Now before the Court is Plaintiff's motion seeking to set aside judgment. ECF No. 52. The Court took the motion under submission without a hearing on August 11, 2023. ECF No. 63. For the reasons stated below, the Court will deny the motion.

Under Federal Rule of Civil Procedure 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the present motion, Plaintiff asks for relief from judgment on the grounds that the Court mistakenly granted Defendant's motion to dismiss, and that Defendant committed fraud. "With respect to mistake, a Rule 60(b)(1) motion may seek relief from an excusable mistake . . . if the district court has made a substantive error of law or fact in its judgment or order." *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2022 WL 1987858, at *3 (N.D. Cal. June 6, 2022) (internal quotations omitted). Plaintiff disagrees with the outcome of the Court's dismissal order, but does not identify any substantive mistake. *See* ECF No. 52-1 at 2–3. Mere dissatisfaction with the Court's order or the belief that the Court is wrong in its decision are not adequate grounds for relief under Rule 60(b)(1). *See Twentieth Century-Fox Film Corp v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Thus, this argument fails.

The Court next turns to Plaintiff's allegation that Defendant committed fraud. "In order to set aside a judgment or order because of fraud upon the court under Rule 60(b) . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960). Plaintiff does not identify any fraud or point to any evidence that might suggest fraud. Moreover, to invoke Rule 60(b)(3), a plaintiff must demonstrate that "the conduct complained of prevented the losing party from fully and fairly presenting his case or defense" in the current court. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–89 (9th Cir. 1990). Simply reiterating allegations that "opposing counsel in the state court action misled the court through fraud" but making no such claims regarding this federal action is an insufficient basis to obtain relief under Rule 60(b)(3). ECF No. 56 at 3 (emphasis omitted) (internal quotations omitted).

Plaintiff's motion to set aside judgment is denied. All other pending motions are denied as moot.

**IT IS SO ORDERED.**

Dated: August 30, 2023



JON S. TIGAR
United States District Judge