UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VITOR MORILHA,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA,<br><br>Defendant. | Case No. 22-cv-03565-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: ECF No. 67 |

Before the Court is Plaintiff Daniel V. Morilha's motion for leave to file an amended complaint. ECF No. 67. For the reasons stated below, the Court will deny the motion.[1]

On June 16, 2022, Plaintiff filed his complaint in this action against Defendant Superior Court of California, County of Santa Clara ("Superior Court"). ECF No. 1. He filed a first amended complaint ("FAC") on August 29, 2022. ECF No. 17. Defendant thereafter moved to dismiss. ECF No. 22. In granting Defendant's motion, the Court held that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine, and that Plaintiff failed to allege that he complied with the State of California's claim presentation requirement. ECF No. 50. Because amendment would have been futile, the Court did not provide Plaintiff with leave to amend and judgment was entered. *Id.*; ECF No. 51. On May 24, 2023, Plaintiff filed a motion seeking to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 52. The Court denied that motion on August 30, 2023. ECF No. 66. Plaintiff subsequently filed the present motion.

Plaintiff requests that this Court "allow him to amend his complaint pursuant Federal Rule of Civil Procedures [sic] 15(a)(2) which provides a party may amend its pleading only with the

---

[1] The Court finds the motion suitable for disposition without oral argument and hereby vacates the November 30, 2023 motion hearing. See Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

court's leave." ECF No. 67 at 5. Defendant responds that Plaintiff's current motion is "another impermissible attack on the judgment, which was entered after this Court granted [Defendant's] motion to dismiss the first amended complaint . . . without leave to amend." ECF No. 69 at 2.

It is well-established that "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996), *as amended* (Sept. 4, 1996). Here, judgment has been entered, *see* ECF No. 51, and it has not been reopened under either a Rule 59 or Rule 60 motion. Indeed, the Court expressly denied Plaintiff's prior motion to set aside judgment under Rule 60 because "[m]ere dissatisfaction with the Court's order or the belief that the Court is wrong in its decision are not adequate grounds for relief under Rule 60(b)(1)." ECF No. 66 at 2 (citing *Twentieth Century-Fox Film Corp v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

Accordingly, the Court denies Plaintiff's motion for leave to file an amended complaint.

**IT IS SO ORDERED.**

Dated: November 15, 2023



JON S. TIGAR
United States District Judge